The STATE of Texas, Appellant,

v.

Robert William MONTGOMERY,
Appellee.

No. 13–96–374–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1998.

Rene Guerra, Dist. & County Atty., Edinburg, for State.

Joseph A. Connors, III, McAllen, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

The State of Texas charged Robert William Montgomery, appellee, with driving while intoxicated (D.W.I.).[1] Appellee filed a motion to have evidence suppressed which he claimed was seized as a result of an illegal arrest based upon a lack of probable cause. Appellee testified as to the lack of probable cause, and argued, in further support of his motion, that the Hidalgo County District Attorney was barred from litigating the issue of probable cause for his arrest in the criminal prosecution because that issue had been decided adversely to the Texas Department of Public Safety (D.P.S.) in a previously held administrative proceeding to revoke appellee's driver's license. The trial judge granted appellee's motion to suppress. We affirm.

---

1. Tex Penal Code Ann. § 49.04 (Vernon Supp. 1998).

FACTUAL BACKGROUND

On February 22, 1995, appellee was arrested for D.W.I. Appellee submitted to a breath test which revealed his blood alcohol concentration (B.A.C.) to be 0.18. Consequently, the Texas Department of Public Safety (D.P.S.) informed appellee of the suspension of his driver's license pursuant to former article 6687b–1 (suspension of driver's license for failing B.A.C. test).[2] Appellee requested an administrative hearing in accordance with that statute.

On May 23, 1995, an administrative license revocation ("A.L.R.") hearing was held. After reviewing the probable cause affidavit, the supplemental probable cause affidavit, and after hearing appellee's testimony, the administrative judge rendered a negative finding prohibiting the D.P.S. from suspending appellee's driver's license. The administrative decision included findings of fact from the evidence presented that there was no reasonable suspicion to stop, nor was there probable cause to arrest appellee. The court also found appellee's testimony on the issues of reasonable suspicion and probable cause to be credible.

On March 15, 1995, prior to the administrative hearing, the State filed a misdemeanor information charging appellee with D.W.I. On May 24, 1996, the day after the administrative judge reached her decision, appellee filed his motion to suppress. This motion alleged that all evidence and any statements made by appellee were obtained as a result of an illegal stop, arrest, and detention; all occurring without reasonable suspicion or probable cause.

Appellee argued, at the June 6, 1996 pretrial hearing, that the evidence could be suppressed on either of two grounds: (1) on the basis of a pretextual stop, or (2) on the basis of the administrative judge's finding of no reasonable suspicion or probable cause. From appellee's testimony and from the questions asked on cross examination of the arresting officer, it is obvious that appellee believed he was pulled over without probable cause or reasonable suspicion merely because

he was seen exiting a night club. Additionally, appellee's counsel argued that to allow the State to pursue the criminal prosecution after the administrative judge's negative finding on the issue of reasonable suspicion and probable cause would constitute a denial of due process and subject appellee to double jeopardy.

On June 12, 1996, the trial court, without making findings or otherwise reciting the basis for its ruling, signed an order granting appellee's motion to suppress. On June 18, 1996, the State filed a motion for rehearing on appellee's motion to suppress, alleging that the State had new evidence refuting appellee's claim of pretextual stop. The trial court denied the State's motion for rehearing. On June 27, 1996, the State filed its notice of intent to appeal.

DISCUSSION

In a single point of error, the State argues that the trial court erred in granting appellee's motion to suppress the evidence. Specifically, the State argues that (1) an A.L.R. hearing and a subsequent prosecution for D.W.I. based on the same underlying conduct are not the "same offense" for purposes of punishment and are therefore not subject to the protections of the double jeopardy clause, and (2) a finding by an administrative judge in an A.L.R. hearing that officers lacked reasonable suspicion or probable cause does not constitute a bar to prosecution for D.W.I. on the basis of collateral estoppel.

■ The issue raised by State in its sole point of error has been recently addressed in a similar case by the Texas Court of Criminal Appeals. In State v. Brabson, No. 1309–95, 1998 WL 75670 *2 (Tex.Crim.App. Feb.25, 1998), Brabson was charged with D.W.I. after the D.P.S. sought to revoke his license at an administrative hearing pursuant to former article 6701l–5 § 2(f) (license suspension for failure to submit to blood alcohol testing). The trial court granted Brabson's motion to suppress, finding that the Dallas County District Attorney was collaterally estopped from

---

**2.** Now codified at chapter 524 of the Texas Transportation Code. See TEX. TRANSP. CODE ANN.

§ 524.001 et. seq. (Vernon Pamph.1998).

litigating the issue of probable cause in Brabson's criminal prosecution because that issue had been decided adversely to the D.P.S. in the administrative proceeding. The Texas Court of Criminal Appeals held that because the D.P.S. and the Dallas County District Attorney are not the same parties, collateral estoppel principles do not preclude the district attorney from litigating the issue of probable cause for appellee's arrest at the suppression hearing in the criminal prosecution. *Id.* at *6. For the same reason, the district attorney in the case at hand would not be barred from litigating the issue of probable cause in the criminal prosecution.

■ However, we must keep in mind the appropriate standards when reviewing the granting of a motion to suppress. At a hearing on a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and the weight given their testimony. *Green v. State,* 934 S.W.2d 92, 98 (Tex. Crim.App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). Therefore, an appellate court must view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). Furthermore, the appellate court must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

As stated above, appellee advanced an argument that his stop and arrest were illegally based on a pretextual stop in addition to his argument applying the doctrine of collateral estoppel. The State did not challenge this additional ground on appeal. Rather, the State, relying on the trial judge's oral statements made during the hearing on the State's motion for rehearing, argues that the judge based his decision to grant appellee's motion to suppress solely on the collateral estoppel argument.

Our review of the reporter's record, however, reveals that the trial judge, when asked to specify the grounds upon which he was granting the motion to suppress, refused to do so. The following transpired at the conclusion of the hearing on the State's motion for rehearing:

District Attorney: Just for the purpose of the record. I'm not trying to

be—just for clarity, all we're trying to say, so whether it's the ALR or whether you believe the defendant or not, that's whatever issue you wish to go on.

The Court: Right.

District Attorney: I'd ask for more clarity. But, what you're saying is you're *not going to give more clarity this morning?*

The Court: That's right.

■ As stated above, appellant presented evidence at the pre-trial hearing in support of his argument that his stop was made without reasonable suspicion or probable cause. Specifically, appellant testified that he was stopped by police almost immediately after exiting a night club. Appellee testified that he did not violate any traffic regulations, that he was placed under arrest without the benefit of a field sobriety test, and that he was not informed of the reason he was pulled over until he reached the police station. At that time, appellee testified, he was told that he was stopped because he almost hit another car. The arresting officer, in contradiction to appellee's testimony, testified that he pulled appellee over because he [appellee] failed to maintain a single lane of traffic and failed to use his [appellee's] blinker.

The trial court, as the sole judge of the credibility of the witnesses and weight to be given to their testimony, could have chosen to believe appellee's version of the stop, and disbelieve the testimony of the officer. Accordingly, after viewing appellee's testimony in the light most favorable to the trial court's ruling, we find the trial court did not abuse its discretion in granting appellee's motion to suppress based on the illegality of the stop and arrest.

Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.